# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROLANDO SERNA | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-11-cv-3034 |
| | § | |
| LAW OFFICE OF JOSEPH | § | |
| ONWUTEAKA, PC, *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND ORDER

This lawsuit arises out of a previous debt collection suit filed against Rolando Serna in Harris County, Texas. Serna now brings suit against parties who filed that debt collection lawsuit against him, contending that the debt collection lawsuit violated federal and state law. Defendants have counterclaimed against Serna, contending his suit is brought in bad faith.

This case has been transferred to this Court pursuant to 28 U.S.C. § 636(c).[1] The three Defendants in this case, Law Offices of Joseph Onwuteaka, PC, Joseph Onwuteaka and Samara Portfolio Management LLC, have filed two motions for summary judgment.[2] Serna has also moved for summary judgment in his favor.[3]

Having considered the Motions, briefing, and arguments submitted by the parties, the summary judgment record, and the applicable law, the Court hereby **GRANTS**

---

[1]    Dkt. # 21.
[2]    Dkt. # 19, 30.
[3]    Dkt. 31.

summary judgment for the Defendants and **DENIES** Serna's motion for summary judgment on his affirmative claims but **GRANTS** summary judgment for Serna on Defendants' counterclaims against him.

### I.    Factual Background

Serna's Complaint alleges that he is a resident of San Antonio, in Bexar County, Texas.[4]  Serna states that in June 2008, he "entered into a promissory note for a loan contract with First Bank of Delaware."[5]  That promissory note was entered into electronically via the internet, and it carries a 96% interest rate.[6]  During all relevant time periods, Serna alleges that he has been a resident of Bexar and Webb counties—not Harris County.[7]

On July 6, 2010, two years after the promissory note was executed, a lawsuit was filed against Serna in Harris County, Texas.[8]  That lawsuit was filed on behalf of Samara Portfolio Management, LLC, by Josepha O. Onwuteaka and his law firm, and sought recovery for failure to pay the note as required.[9]  Service was requested upon Serna in Bexar County, Texas.[10]  "On or about" August 14, 2010, Serna admits he was served with process.[11]  Despite being served, Serna did not make an appearance and a no-answer

---

[4]    Dkt. # 1, ¶ 3.
[5]    Dkt. # 1, ¶ 7.
[6]    Dkt. # 30, pg. 5
[7]    *Id.*
[8]    Dkt. # 1, ¶ 8.
[9]    *Id.* According to Serna, Defendants have made a regular practice of filing debt collection lawsuits in Harris County against plaintiffs who do not reside in this county, and that Defendant Joseph Onuteaka has been identified as a "frequent filer" in the Harris County Justice of the Peace Courts system. Dkt. #31-3, pg. 1.
[10]    *Id.*
[11]    *Id.*

default judgment for $2,600.00 in damages, $ 1,500.00 in attorneys' fees, and $34.00 in costs was entered against him on December 9, 2010.[12]

Rather than challenging that judgment directly, Serna now seeks to challenge it in this Court by arguing that Defendants violated federal and state law by filing a debt collection lawsuit against him in a "distant forum in violation of 15 U.S.C. § 1692i(a)(2)."[13]  On August 12, 2011, Serna, represented by counsel, filed a motion to proceed in forma pauperis in this Court.[14]  That motion was assigned to cause number 4:11-mc-00352 and assigned to United States District Judge Lynn Hughes.  Attached to the motion, as an exhibit, was a document entitled "Original Complaint."[15]  Serna's motion to proceed in forma pauperis was denied on August 15, 2011, and the cause was administratively terminated on the same day.

On August 18, 2011, Serna again filed his Original Complaint in this Court, this time paying the required fee.  The filing thus instituted the current lawsuit.  In his Original Complaint Serna alleges that Defendants violated the Fair Debt Collection Practices Act and the Texas Deceptive Trade Practices Act.[16]  Serna seeks declaratory relief, injunctive relief, actual damages, "restoration of money," attorneys' fees and costs.[17]  Serna recently nonsuited his claim under the Texas Deceptive Trade Practices

---

12      *Id.*
13      *Id.* ¶ 10.
14      *Serna v. Law Office of Joseph Onwuteaka*, PC et al, 4:11-mc-00352, Dkt. # 1.
15      *Id.*
16      Dkt. # 1.
17      *Id.*

Act.[18]

Defendants raised the affirmative defenses of the statute of limitations, the doctrine of compulsory counterclaim, election of remedies, estoppel and collateral estoppel, qualified immunity, lack of intent, bona fide error, res judicata, waiver and offset. Defendants also asserted a counterclaim against Serna for filing a frivolous lawsuit. Defendants' counterclaim seeks their attorneys' fees, costs and sanctions against Serna and his attorneys.

## II.    Cross-Motions for Summary Judgment

Defendants have filed two motions for summary judgment. In their first motion, Defendants contend that Serna's claims under the Fair Debt Collection Practices Act are barred because Serna failed to file this current suit within one year of the inception of the previous debt collection lawsuit. In their second motion, Defendants contend that Serna's claims are barred because (1) they are an impermissible collateral attack on a prior judgment; (2) Serna's claims are compulsory counterclaims that should have been brought in the previous lawsuit, and (3) the promissory note Serna signed contained arbitration and venue provisions.

Serna has filed a motion for summary judgment contending that he should be granted judgment because there are no material questions of fact as to whether Defendants violated the Fair Debt Collection Practices Act and because neither Defendants' counterclaims nor affirmative defenses are meritorious.

---

[18]    Dkt. # 40.

## III.    Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); s*ee also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.,* 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001)

5

(internal citation omitted). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir.1999)).

The non-movant's burden is not met by mere reliance on the allegations in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 545 n. 13 (5th Cir. 2002). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

### IV.    Analysis

#### A. Statute of Limitations under Fair Debt Collection Practices Act

Serna asserts claims under the Fair Debt Collection Practices Act ("FDCPA") against Defendants Law Offices of Joseph Onwuteaka PC, and Joseph Onwuteaka, individually. The crux of Defendants' first motion for partial summary judgment on these claims is that Serna's claims fall outside the one-year statute of limitations under the FDCPA. Defendants contend that the one-year period began to run on the date the allegedly wrongful suit was filed—July 6, 2010—and Serna did not file his complaint in this lawsuit until August 18, 2011. Accordingly, Defendants contend the suit is barred.

In response, Serna argues that the date for calculating the one-year period during which he could bring suit began on the date he was served with process in the allegedly wrongful suit—in this case, August 14, 2010.  In addition, Serna argues that his filing of an (ultimately unsuccessful) petition to proceed in forma pauperis ("IFP") on August 12, 2011 tolled the one-year period and his FDCPA claims, filed on August 18, 2011,  are therefore timely and should not be dismissed.  Finally, Serna argues that his time to file suit was extended by operation of the Federal Rules of Civil Procedure, particularly the mailbox rule.

The FDCPA was enacted by Congress "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  One of the provisions of the FDCPA limits the places in which a debt collection suit may be filed against an alleged debtor to either (1) the judicial district where the debtor signed the contract that is being sued upon, or (2) the judicial district in which the alleged debtor resides at the time of the commencement of the action.   15 U.S.C. § 1692i(a)(2). ("Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district . . . (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."); *see, e.g., Addison v. Brand*, 105 F.3d 223 (5th Cir. 1997); *McNeill v. Graham, Bright & Smith*, No. 3:04-cv-1484K, 2006 WL 1489502 (N.D. Tex. May 26, 2006) (holding Defendants violated 15 U.S.C. § 1692i(a)(2) by

bringing debt collection lawsuit in Dallas County rather than Harris County).  If the debt collector violates this provision, it may be found liable for any actual damages, additional damages up to $1,000, costs and attorneys' fees incurred.  15 U.S.C. § 1692k.  Attorneys qualify as debt collectors for purposes of the FDCPA when they regularly engage in consumer debt collection, such as litigation on behalf of a creditor client.  *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 1493, 131 L.Ed.2d 395 (1995); *see also Hester v. Graham, Bright & Smith, P.C.*,  289 Fed. App'x. 35, 41 (5th Cir. 2008) (finding defendant attorneys participated in enough debt-collection activities to be "regular" debt collectors under the FDCPA).  However, to recover under section 1692 when a suit has been filed in an improper forum, the alleged debtor must bring his suit "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d); *see also Flores v. Millennium Interests*, Ltd., 273 F.Supp.2d 899, 901 (S.D. Tex. 2003).  In this case, the Court must then determine "the date on which the violation occur[ed]."

There is no dispute that the lawsuit upon which Serna bases his current claims was filed on July 6, 2010.  Similarly, there is no dispute that Serna was served with service of process on August 14, 2010.  However, Serna did not file suit against Defendants for their alleged violation of section 1692 until August 12, 2011 at the earliest.[19]  Therefore, understandably, Serna now urges this Court to find that the date of service, rather than the date of filing, is the date at which the statute of limitations begins to run.

---

[19]    Because Serna's motion to proceed IFP was not filed until August 12, 2010—more than one year after the alleged violation of section 1692i(a)(2)—the Court need not reach the issue of whether Serna's motion to proceed IFP was indeed "an action to enforce liability" under the statute of limitations created by section 1692k(d).

The Fifth Circuit has not ruled on the question of whether a claim under section 1692i(a)(2) accrues upon the filing of the lawsuit in a distant forum, or subsequent service of process upon the alleged debtor defendant. Courts across the country have reached opposite conclusions on this point. Some have found a violation of section 1692i(a)(2) is complete upon the filing of the lawsuit in the distant forum because "section 1692i(a)(2) is not really a venue statute but is more in the nature of a statutory tort which is completed upon the filing of an action in an improper venue." *Oglesby v. Rotche*, No. 93-C-4183, 1993 WL 460841, *10 (N.D. Ill. Nov. 5, 1993); *Naas v. Stolman*, 130 F.3d 892 (9th Cir. 1997) (holding statute of limitations began to run upon filing of state court complaint because that was "the debt collector's last opportunity to comply with" the Act). Others, citing due process concerns, hold that the statute of limitations does not begin to run until the alleged debtor is served with process in the "distant" suit. *See, e.g., Langendorfer v. Kaufman*, No. 1:10-cv-00797, 2011 WL 3682775 (S.D. Ohio Aug. 23, 2011) (FDCPA statute of limitations begins to run at the time of service); *see also Johnson v. Riddle*, 305 F.3d 1107, 1113–15 (10th Cir. 2002) (rejecting argument that FDCPA violation occurred upon filing rather than service, finding that filing is merely "half an actionable wrong").

The Court holds that the statute of limitations under section 1692i(a)(2) begins to run upon the filing of the lawsuit in the improper forum. In reaching this determination, the Court is persuaded by the reasoning set forth by the Eastern District of Texas in *Beeler-Lopez v. Dodeka, LLC,* 711 F. Supp. 2d 679 (E.D. Tex. 2010). In *Beeler-Lopez,* the court observed that "[o]nce the debt collector sues in the wrong venue, the consumer

must defend, and the damage is done." 711 F. Supp. 2d at 681. *See also Holton v. Huff*, No. 3:10-cv-2396, 2012 WL 1354024 (M.D. Pa. April 16, 2012) (even where Defendants voluntarily withdrew petition filed in improper forum a week after initially filing it, "[o]nce Defendants filed the underlying state court action, liability attached immediately").

The Court recognizes the concern that a debt collector might file suit in an improper forum and then attempt to delay service upon an alleged debtor, and thus exhaust the one-year period and deprive the alleged debtor of his ability to recover for the violation of section 1692i(a)(2). *See, e.g., Johnson*, 305 F.3d at 1114. However, the Court is bound by the plain language of the statue, which refers to the "bringing" of a legal action. *See* 15 U.S.C. § 1692i; *Beeler-Lopez*, 711 F. Supp. 2d at 681 (finding that "to bring an action" means "[t]o sue; institute legal proceedings."); *McNeill v. Graham, Bright & Smith, P.C.*, No.Civ.A. 3:04-CV-1484K, 2006 WL 1489502, *3 (N.D. Tex. May 26, 2006) (filing of counterclaim asserting alleged debt in Dallas County suit did not violate section 1692(i), even though alleged debtor lived in Harris County, because "[f]iling a counterclaim is not the same thing as filing a lawsuit in a distant forum"). Further, in reaching this holding, the Court notes its inherent power to regulate its own docket. *See, e.g.,* FED. R. CIV. P. 4m (granting court the power, "on its own initiative after notice to the plaintiff," to dismiss actions where service is not made within 120 days after filing of the complaint); *see also Sykes v. Mel Harris and Assoc. LLC*, 757 F. Supp. 2d 413, 422(S.D.N.Y. 2010) (describing the alleged practice of "sewer service" in debt collection lawsuits—"the practice of failing to serve a summons and complaint and then

filing a fraudulent affidavit attesting to service" to secure default judgments, and finding that such claims might be subject to equitable tolling under the FDCPA).

Accordingly, the date that the statute of limitations began to run under section 1692k(d) was the date that suit was filed against Serna. The parties agree that this date was July 6, 2010. Serna did not file his application to proceed IFP until August 12, 2011. Even if this Court were to reach the question of whether the filing of an IFP is an action that may be considered "bringing an action" under section 1692k(d), Serna did not take this step within one-year period required. Accordingly, summary judgment should be granted for Defendants Law Offices of Joseph Onwuteaka PC, and Joseph Onwuteaka on Serna's FDCPA claims against them.

### B. Defendants' Counterclaims

Next, Defendants asserted a counterclaim against Serna for bringing the instant lawsuit in bad faith. It is unclear whether Defendants assert that only one, or both, of Serna's original claims were brought in bad faith—Defendants simply make this assertion without citation to a particular claim, or which statute or rule might enable them to assert this counterclaim. In light of the entire record, and the relative novelty of Serna's legal arguments regarding the statute of limitations under the FDCPA in the Fifth Circuit, this Court finds that there is no evidence that Serna's claims against Defendants were brought in bad faith or for an improper purpose.

"[S]anctioning a party for presenting an issue of first impression would not be permissible, as it would unduly chill advocacy." *Macklin v. City of New Orleans*, 300 F.3d 552, 554 (5th Cir. 2002) (citing *Estiverne v. Sak's Fifth Ave.*, 9 F.3d 1171, 1174 (5th

Cir. 1993) (per curiam)).   Moreover, a court should not "deter any litigant from advancing any claim or defense which is arguably supported by existing law, or any reasonably based suggestion for its extension, modification, or reversal . . . although they may be unsuccessful [.]"  *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).   Accordingly, the Court grants summary judgment on Defendants' counterclaims in Serna's favor.

### V.     Conclusion

Having considered the Motions, responses, briefing and arguments submitted by the parties, the summary judgment record, and the applicable law, the Court hereby **GRANTS** summary judgment for the Defendants and **DENIES** Serna's motion for summary judgment on his affirmative claims but **GRANTS** summary judgment for Serna on Defendants' counterclaims against him.


Signed at Houston, Texas on this the __19__ day of _June_ , 2012.


                                            _____
                                            **George C. Hanks, Jr.**
                                            **United States Magistrate Judge**