UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROLANDO SERNA, | § | |
| | § | |
|      Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-3034 |
| | § | |
| LAW OFFICE OF JOSEPH | § | |
| ONWUTEAKA, PC, *et al*, | § | |
| | § | |
|      Defendants. | § | |

## MEMORANDUM AND ORDER

     Plaintiff Rolando Serna filed this suit alleging that Defendants Joseph O. Onwuteaka, the Law Office of Joseph Onwuteaka, PC, and Samara Portfolio Management, LLC violated his rights under the Fair Debt Collection Practices Act (the "FDCPA"). 15 U.S.C. § 1692. Serna argues that Onwuteaka, his law firm, and his portfolio management company (collectively, "Onwuteaka") violated the venue requirement of the FDCPA by suing Serna in a Harris County Justice of the Peace Court. Dkt. 1; 15 U.S.C. §1692i(a)(2). Both parties consented to proceed before this Court pursuant to 28 U.S.C. § 636(c). Dkt. 21.

     Serna has now moved for summary judgment in his favor. Dkt. 31. Having considered the motion, briefing, summary judgment record, and applicable law, the Court hereby **GRANTS** summary judgment for Serna.

## FACTS

     On June 22, 2008, Serna signed a promissory note with First Bank of Delaware. Dkt. 1 at 3. At a 96% annual interest rate, the promissory note provided Serna $2,525 in

principal in exchange for a total repayment amount of $9,218.84.   Dkt. 30 at 5–6.
Although the note was entered into electronically, its explicit language reads, "This
Agreement is entered into between you and me in Delaware." Dkt. 31-5 at 12 (First Bank
of Delaware Promissory Note and Disclosure Statement).   At the time, Serna resided in
San Antonio, Texas, in Bexar County.   Dkt. 31 (Declaration of Rolando Serna Under
Penalty of Perjury).   Serna apparently defaulted on the promissory note.   The debt was
acquired by Onwuteaka, a Texas attorney who is in the business of purchasing such debts
and then suing to collect upon them.

On July 6, 2010, Onwuteaka filed a lawsuit in Harris County, Texas against Serna,
seeking a judgment for the unpaid balance of the promissory note.   The petition filed by
Onwuteaka reads, "Defendant is ROLANDO SERNA, and may be served with process
by serving Defendant at the following address, 826 Saddlebrook Drive, San Antonio,
Texas." Dkt. 31-5 at 1 (Onwuteaka's Original Petition).   This is the same Bexar County
address that Serna provided in his initial loan contract two years prior, and this address is
not located in Harris County, Texas.   On August 14, 2010, Serna was served with process
located at this Bexar County address.   Dkt. 31-6 (103 Civil Citation).

Despite being served, Serna did not file an answer or make an appearance in the
Harris County lawsuit.   Onwuteaka received a no-answer default judgment against Serna
on December 9, 2010.   Onwuteaka was awarded $2,600 in damages, $1,500 in attorneys'
fees, and $34 in costs.   Dkt. 1 at 3.   On March 22, 2011, Onwuteaka began attempts to
collect on the default judgment via garnishment.   Dkt. 31-7.   There is no evidence that
Serna sought any relief from the default judgment or garnishment from the courts of the

State of Texas. Instead, five months later, on August 18, 2011, Serna filed suit in this Court against Onwuteaka, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Texas Deceptive Trade Practices Act ("DTPA"). Dkt. 1. Onwuteaka answered, raising a number of affirmative defenses, and filed a counterclaim alleging that Serna's lawsuit was groundless and in bad faith. Dkt. 8, 41.

Both parties sought summary judgment in their favor. Onwuteaka filed two motions for summary judgment. The first motion contended that Serna's FDCPA lawsuit was time-barred because Serna failed to file it within one year of the date upon which Onwuteaka filed the underlying Harris County lawsuit. Dkt. 19. Onwuteaka's second motion sought summary judgment in his favor on his affirmative defenses of collateral attack, waiver and compulsory counterclaim. Dkt. 30. Serna filed a motion for summary judgment seeking judgment in his favor on his FDCPA claim as well as Onwuteaka's bad faith counterclaim and affirmative defenses. Dkt. 31. Pursuant to the agreement of the parties, the discovery deadline was April 16, 2012.[1]

## PROCEDURAL POSTURE

On June 19, 2012, this Court issued a Memorandum and Order granting summary judgment to Onwuteaka on the grounds that Serna's claim was barred by the FDCPA's

---

[1]      Despite the passage of time and this Court's repeated request that the parties supplement their briefing with evidentiary support, it appears that the parties undertook only minimal discovery. Despite the discovery deadline of April 16, 2012, Onwuteaka apparently served Requests for Production, Requests for Admission and Interrogatories upon Serna on April 9, 2012, which Serna answered on May 11, 2012. Dkt. 36. Rather than responding to Serna's corresponding requests, Onwuteaka sought a protective order and sanctions against Serna's attorneys when they faxed him Serna's discovery requests at 7:51 p.m. on April 16, 2012. Dkt. 32. The record does not show that Onwuteaka ever sought to depose Serna during the discovery period. Similarly, Onwuteaka did not seek the Court's assistance with regard to Serna's objections to or responses to Onwuteaka's discovery requests.

one-year statute of limitations.[2]  *See Serna v. Law Office of Joseph Onwuteaka, PC*, H-11-CV-3034, 2012 WL 2360805 (S.D. Tex. June 19, 2012).   The Court accordingly denied Serna's request for summary judgment in his favor on his FDCPA claim. However, the Court granted Serna's motion for summary judgment on Onwuteaka's bad faith counterclaim.  Dkt. 41.  On June 26, 2012, the Court entered final judgment for Onwuteaka.  Dkt. 43.

Serna appealed this Court's ruling to the Fifth Circuit, who held that Serna's FDCPA claim had indeed been timely filed.  *See Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440 (5th Cir. 2013).  This Court's judgment for Onwuteaka was subsequently reversed and remanded.   The parties did not appeal the Court's dismissal of Onwuteaka's counterclaim.

Upon remand, the Court now re-considers Serna's request for summary judgment in his favor on his FDCPA claim.[3]  Serna contends that there are no material questions of fact as to whether Onwuteaka violated the FDCPA and that none of Onwuteaka's

---

[2]    On June 11, 2012, Serna filed a Motion for Voluntary Partial Dismissal to non-suit his DTPA claim against Onwuteaka. Dkt. 40. As a result, only Serna's FDCPA claim remained for the Court's consideration.

[3]    On June 26, 2012, this Court denied as moot all pending motions, including Onwuteaka's Second Motion for Summary Judgment. Dkt. 43. After the case was remanded to this Court by the Fifth Circuit, this Court held a status conference at which it invited the parties to list any pending matters to be addressed. Although Serna asked that his motion for summary judgment be re-examined and set for hearing, Onwuteaka did not make any effort to revive his Second Motion for Summary Judgment. Accordingly, the only dispositive motion pending before the Court is Serna's Motion for Summary Judgment. Nonetheless, the Court notes that the issues raised in Onwuteaka's motion are substantially identical to the issues raised in Serna's request for summary judgment on his FDCPA claim and on Onwuteaka's affirmative defenses. Dkt. 8, 30.

affirmative defenses are meritorious. Additionally, Serna seeks statutory damages as well as costs and attorneys' fees under the FDCPA.

After allowing additional briefing, the Court held a hearing on Serna's motion on December 4, 2012.

Onwuteaka objects to Serna's summary judgment evidence and contends that summary judgment for Serna is improper because there is no evidence that Serna was physically in Bexar County, Texas at the moment he signed the promissory note at issue. Further, Onwuteaka argues that Serna cannot succeed under the FDCPA because Serna admits that he did not suffer any actual damages as a result of Onwuteaka's violation. Finally, Onwuteaka contends summary judgment is barred by his affirmative defenses of (1) compulsory counterclaim; (2) election of remedies; (3) estoppel; (4) qualified immunity; (5) bona fide error; (6) res judicata; (7) waiver; and (8) offsets and credits for the judgment.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999)).

The non-movant's burden is not met by mere reliance on the allegations in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 545 n. 13 (5th Cir. 2002). In the absence of any proof, the court will not assume that

the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

## ANALYSIS

### A. The Fair Debt Collection Practices Act

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  One such prohibited practice is the filing of a debt collection lawsuit in forum that is distant to or inconvenient for the debtor.  The FDCPA requires, "Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity (A) in which such a consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i.

Therefore, in order for Serna to recover in this action, he must show that (1) Defendants Onwuteaka, his law firm, and his portfolio management company are "debt collectors"; (2) Onwuteaka brought "a legal action on a debt"; (3) Serna is a "consumer"; and (4) Onwuteaka's underlying debt collection suit was not brought in a venue "in which [Serna] signed the contract sued upon" or "in which [Serna] reside[d] at the commencement of the action." 15 U.S.C. § 1692a; 15 U.S.C. § 1692i.

**1. Defendants were "debt collectors" under the FDCPA.**

The FDCPA defines a "debt collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due." 15 U.S.C. § 1692a. Attorneys and law firms can be debt collectors when they regularly attempt to collect debts through legal proceedings. *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S. Ct. 1489, 1491, 131 L. Ed. 2d 395 (1995). *See also Addison v. Braud*, 105 F.3d 223, 224 (5th Cir. 1997) (debt collection attorney potentially liable for damages after violating FDCPA's venue provision); *McNeill v. Graham, Bright & Smith, P.C.*, CIV.A. 3:04-CV-1484K, 2006 WL 1489502 (N.D. Tex. May 26, 2006) (granting damages and attorneys' fees against law firm and attorney who regularly engaged in debt collection). Here, the summary judgment evidence establishes that Onwuteaka used his law firm to file a multitude of debt collection suits, over a sustained period of time, on behalf of his registered debt collection company. Between July 9, 2010 and September 29, 2010 alone, Onwuteaka and his law firm filed 287 debt collection cases in Harris County. Dkt. 31-3, ¶ 3. On a longer timeframe—from 2008 to 2012—Onwuteaka and his law firm filed a total of 1,997 cases. *Id.* at ¶ 6. These cases were all filed on behalf of Onwuteaka's company, Samara Portfolio Management, L.L.C., a bonded third-party debt collector on file with the Texas Secretary of State. *Id.* Accordingly, the Court finds that no genuine issue of fact exists as to whether the Defendants were "debt collectors."

### 2.  Defendants brought a "legal action on a debt."

Onwuteaka's underlying lawsuit was filed in Harris County on July 6, 2010.  His petition described the nature of the loan contract and the unsatisfied debt, then made a demand for the note's unpaid principal, attorneys' fees, and costs. Dkt. 31-5.  In light of this undisputed evidence, there is no genuine issue of fact as to whether Onwuteaka brought a legal action on the debt.

### 3.  Serna is a "consumer" under the FDCPA.

The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a.  The debt at issue must not be business debt, but must instead be consumer debt "primarily for personal, family, or household purposes." *Id.  See also Heinz*, 514 U.S. at 292 (stating that FDCPA applies only to "consumer debt, *i.e.,* debts arising out of ... transaction[s] that are primarily for personal, family, or household purposes.") (internal quotations omitted).

The summary judgment evidence establishes that Serna is a "consumer" under the FDCPA.  The record contains a signed Declaration Under Penalty of Perjury by Serna, in which he stated, "I entered into a contract with First Bank of Delaware primarily for my own personal, family or household purposes." Dkt. 31-4.  Onwuteaka did not dispute the statement's veracity or offer any evidence to the contrary.[4]  Dkt. 34.  Accordingly, no genuine issue of fact on this issue exists.

---

[4]     Onwuteaka objected to the Declaration on the grounds that it was not signed and that it was "conclusionary" and "not proper summary judgment evidence." Dkt. 59.  Onwuteaka did not cite any authority to support his objection.  Serna supplemented the record with a signed

**4. Serna was not sued in a proper venue under the FDCPA.**

Next, the Court turns to the FDCPA's venue requirement. The FDCPA allows debt collectors to file suit "only in the judicial district or similar legal entity (A) in which such a consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2).

The summary judgment record establishes that Onwuteaka's Harris County lawsuit was not in a proper venue under the FDCPA. The Court takes judicial notice of the fact that Harris County, Texas and Bexar County, Texas are not "in the same judicial district or similar legal entity." The parties do not contend otherwise. Bexar County, Texas is in the Western District of Texas and is located approximately 150 miles from Harris County, Texas, which is in the Southern District of Texas.

First, despite the opportunity for discovery on the matter, Onwuteaka has failed to produce any evidence that Serna was in Harris County when the promissory note was signed. The note itself reads, "This Agreement is entered into between you and me in Delaware." Dkt. 31-5 at 12 (First bank of Delaware Promissory Note and Disclosure Statement). Onwuteaka himself attached this promissory note to his original filing in the Harris County Justice of the Peace Court.[5] *Id.*

---

copy of his Declaration, to which Onwuteaka raised no objection. The Court finds the remainder of Onwuteaka's objection without merit.

[5]    At the December 4, 2013 hearing, Onwuteaka argued that Serna could have been "anywhere" with internet access when he electronically signed the promissory note. Onwuteaka requested more time to depose Serna before the Court granted summary judgment. Given the length of time that has elapsed since the close of discovery, and Onwuteaka's failure to pursue the issue prior to this time, the Court finds this request dilatory.

Similarly, the summary judgment evidence establishes that Serna resided in Bexar County, not Harris County, at the time the debt collection suit was filed on July 6, 2010. Dkt. 31-4, ¶ 5 (Declaration of Rolando Serna Under Penalty of Perjury). The evidence also reflects that Onwuteaka's petition provided the Bexar County, San Antonio address for Serna. Dkt. 31-5 at 1 (Onwuteaka's Original Petition). Onwuteaka then requested out-of-county service at this address, where Serna was located and duly served on August 14, 2010. Dkt. 31-6 (103 Civil Citation).

Onwuteaka seeks to muddy the waters by pointing out that he actually had three potential addresses for Serna at the time he filed his debt collection suit, and that all of these addresses were located in Bexar County or Webb County. At the hearing, Onwuteaka accordingly attempted to rely upon Texas Rule of Civil Procedure 502.4(c) as his legal grounds for filing suit in Harris County, asserting that, because Serna's address was "unverifiable," Onwuteaka was then permitted to file in the county where he, as the plaintiff, resided. However, federal law is clear that the FDCPA, not state venue rules, define which venue is proper for a suit governed by the FDCPA. *See, e.g., Harrington v. CACV of Colorado, LLC*, 508 F. Supp.2d 128, 134 (D. Mass. 2007) (finding defendants violated FDCPA venue by failing to file suit in judicial district in which plaintiff lived, even though state law permitted filing in an adjacent judicial district); *Harper v. Collection Bureau of Walla Walla, Inc.*, 2007 WL 4287293 (W.D. Wash. 2007) (FDCPA venue provisions preempted state rules); *McKnight v. Benitez*, 176 F. Supp. 2d 1301 (M.D. Fla. 2001) (same); *Martinez v. Albuquerque Collection Services, Inc.*, 867 F. Supp. 1495 (D. N.M. 1994) (same); *Construction and Application of Venue Provision of Fair*

*Debt Collection Practices Act, 15 U.S.C.A. § 1692i*, 28 A.L.R. Fed. 2d 523, § 13 PREEMPTION (West 2013). Onwuteaka does not cite any authority to the contrary. Accordingly, the Court finds no genuine issue of material fact remains as to whether Onwuteaka violated the FDCPA's venue statute.

Having determined that there is no genuine issue of fact on any element of Serna's claim under the FDCPA, Serna is entitled to summary judgment as to liability. The Court next must determine whether Serna may recover any damages.

**B. Serna's Damages under the Fair Debt Collection Practices Act.**

The FDCPA states, "any debt collector who fails to comply with any provision" may be liable for (1) actual damages, (2) additional statutory damages up to $1,000, and (3) costs and attorneys' fees. 15 U.S.C. § 1692k(a). In assessing damages under the FDCPA, courts are to consider, among other things, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b). Although Serna admits that he did not incur any actual damages due to Onwuteaka's violation, he nonetheless seeks the maximum $1,000 in statutory damages, as well as recovery of his costs and attorneys' fees in this case. Onwuteaka contends that the Court cannot award statutory damages without a showing of actual damages.

The Fifth Circuit has not ruled on whether a plaintiff can recover additional statutory damages without first establishing actual damages incurred as a result of a violation of the FDCPA's venue provision. However, the Fifth Circuit has recognized Congress' legislative intent was for the "FDCPA to have a broad remedial scope."

12

*Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002). Serna argues that the FDCPA does not explicitly state that actual damages are a prerequisite to recovery of additional statutory damages and, therefore, the Court should interpret the statute favorably towards debtor recovery. The Court agrees.

The FDCPA directs this Court to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional" and allows an award of up to $1,000 in statutory damages. 15 U.S.C. § 1692k(b); 15 U.S.C. §1692k(a)(2)(A). There is no requirement in the statute that the amount of additional statutory damages bear any particular mathematical relationship to the plaintiff's actual damages. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) ("All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling.") The Court finds that the maximum award of $1,000 is appropriate to effectuate the purpose of the FDCPA in this case.

The summary judgment evidence and Onwuteaka's own admissions to the Court reflect that Onwuteaka engaged in the exact behavior the FDCPA sought to prevent: he mass-filed a number of debt collection suits in Harris County without regard to the proper FDCPA venue for the individual debtors; he filed such a suit against Serna in Harris County even though his own pleadings admitted that Serna lived in a distant county; Serna failed to defend against the distant suit; and a no-answer default judgment was entered against Serna. Additionally, the summary judgment evidence demonstrates that

Serna was not an isolated victim of these tactics and that Onwuteaka's failure to comply with the FDCPA is extensive and persistent. Onwuteaka regularly engages in mass filings of debt collection suits in Harris County, filing almost 2,000 lawsuits in a four-year period. In a single three-month span, Onwuteaka filed 245 "virtually identical" debt collection suits in the same Harris County Justice of the Peace Court. Out of those 245 suits, 227 (over 92%) were filed against debtors who the pleadings admitted were not residents of Harris County. Dkt. 31-3 (Statement of Christina E. Trejo Under Penalty of Perjury). Onwuteaka offered no evidence to dispute these numbers. To the contrary, at the December 4, 2013 hearing, Onwuteaka attempted to justify his practices as legitimate business model. Onwuteaka described his practice of purchasing large numbers of defaulted debts and then suing on the debts via mass-filings as a "try your luck" approach to finding the debtors and acquiring jurisdiction over them.[6] The Court also takes judicial notice of a similar FDCPA claim against Onwuteaka in the Southern District of Texas where a resident of Titus County, Texas alleges that Onwuteaka filed suit against her in Harris County to collect upon a debt. *See, e.g., Thompson v. Law Office of Joseph Onwuteaka, P.C.*, H-13-CV-00441, 2013 WL 3148709 (S.D. Tex. June 19, 2013).

Awarding statutory damages under these facts is consistent with the "core Congressional concerns underlying the FDCPA." *Peter v. GC Servs. L.P.*, 310 F.3d 344, 352–53 (5th Cir. 2002). Congress intended the FDCPA's venue provision to prevent debt collectors from filing in venues that "are so distant or inconvenient that consumers are

---

[6] Onwuteaka confirmed, in open court, "We don't have any verifiable evidence before we file the lawsuit . . . So pretty much what you're doing is try your luck (sic)."

unable to appear," with the hope that the debtor will not appear and consequently suffer a default judgment. *See* S.Rep. No. 95–382, at 5, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699. This interpretation is consistent with Fifth Circuit precedent under the FDCPA. *See, e.g., Peter v. GC Services L.P.*, 310 F.3d 344 (5th Cir. 2002) (remanding district court's summary judgment with instructions to award plaintiff statutory damages and costs and attorneys' fees in FDCPA suit). *See also Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 96 (2d Cir. 2008) ("[B]y providing for statutory damages and attorneys['] fees for successful plaintiffs, the FDCPA permits and encourages parties who have suffered no loss to bring civil actions for statutory violations."); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003) (holding that actual damages are not required for standing under FDCPA); *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 514 (6th Cir. 2007) ("[A] consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages."); *Harper v. Better Business Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) (affirming the district court's maximum award of $1,000 in additional statutory damages and attorneys' fees even though the plaintiff had "offered no proof of actual damages").

The FDCPA's purpose is to protect consumers and to discourage such practices designed to pursue debt collection actions against consumers in distant forums with the goal of receiving default judgments. *See Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 447 (5th Cir. 2013). Accordingly, the Court finds the award of $1,000 in statutory damages appropriate.

### C. None of Onwuteaka's affirmative defenses are meritorious.

Finally, the Court must assess Onwuteaka's affirmative defenses. Onwuteaka raises (1) compulsory counterclaim; (2) election of remedies; (3) estoppel or collateral estoppel; (4) qualified immunity; (5) bona fide error; (6) res judicata; (7) waiver; and (8) offsets and credits for the judgment.[7] Each of these affirmative defenses is raised without any particular factual or legal bases of support. None of these affirmative defenses prevent judgment from being entered in Serna's favor.

### 1. Compulsory Counterclaim

Onwuteaka argues that Serna is barred from bringing an FDCPA action by the doctrine of compulsory counterclaim. Dkt. 8 ¶ 10. Federal Rule of Civil Procedure 13(a) requires compulsory counterclaims to be pled at the time of the lawsuit if the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." The Fifth Circuit uses the "logical relationship" test to determine whether a counterclaim is compulsory. *Montgomery Elevator Co. v. Bldg. Eng'g Servs. Co.*, 730 F.2d 377, 380 (5th Cir. 1984). Although the promissory note between Serna and the First Bank of Delaware is factually relevant to both Onwuteaka's debt collection suit and Serna's FDCPA suit, they do not arise out of the same transaction or occurrence. The former dispute arose out of Serna's breach of his agreement to repay the loan, and

---

[7]      Onwuteaka also asserted the defense of statute of limitations—arguing that Serna had filed outside the FDCPA's one-year statute of limitations. The Fifth Circuit held that this argument is without merit. *See Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440 (5th Cir. 2013).

the latter arose out of Onwuteaka's filing suit in an improper venue. The events are distinct and, therefore, Serna's FDCPA claim is not a compulsory counterclaim to the underlying debt collection suit. Other courts have reached this same conclusion. *See, e.g., Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1068 (E.D. Cal. 2005). ("[C]ourts reason that breach of contract counterclaims for the underlying debt are not 'logically connected' to the [FDCPA] claim, despite that they both relate to the same debt. While the debt does provide some factual connection between the claims, because they arise out of the debt, the legal issues and evidence relating to the claims are considered sufficiently distinct."). *See also Barcena v. Tam Fin. Corp.*, EP-07-CA-0020-KC, 2007 WL 1452587, at *4 (W.D. Tex. May 8, 2007) (declining to find FDCPA claims were compulsory counterclaims due to "the chilling effect that would ensue from trying FDCPA claims in the same case as state law claims for collection of the underlying debt").

### 2. Election of Remedies

Onwuteaka next asserts the doctrine of election of remedies bars Serna's FDCPA claim. Dkt. 8 ¶ 11. The Supreme Court has characterized this defense as one that applies "to situations where an individual pursues remedies that are legally or factually inconsistent." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49-51, 94 S. Ct. 1011, 1020-21, 39 L. Ed. 2d 147 (1974). Onwuteaka's debt collection suit in Harris County did not result in any recovery by Serna, and Serna has not pursued any relief in the state court system to attack the underlying judgment. In the present lawsuit, Serna seeks only statutory damages and costs and attorneys' fees resulting from the violation of the

FDCPA. The Court finds no inconsistency in remedies if Serna prevails and, accordingly, finds this defense unmeritorious.

### 3. Estoppel or Collateral Estoppel

Onwuteaka pleads this affirmative defense without any specificity. Dkt. 8 ¶ 12. Collateral estoppel "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 649, 58 L. Ed. 2d 552 (1979). The parties in the present lawsuit are the same as those in the underlying debt collection suit, but the issues, again, are distinct, and the issue of whether Onwuteaka violated the FDCPA by filing a debt collection suit against Serna in Harris County has not been previously litigated. Accordingly, this defense lacks merit.

### 4. Qualified Immunity

Qualified immunity "shields Government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). There is no allegation that Onwuteaka was a government official. Therefore, Onwuteaka may not claim this affirmative defense.

### 5. Bona Fide Error

The FDCPA provides an affirmative defense for debt collectors "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The United States

Supreme Court has made it explicitly clear that a mistake of law does not entitle a debt collector to rely on this "bona fide error" defense. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 604-605, 130 S.Ct. 1605, 1624 (2010) ("We therefore hold that the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute.").

Although both parties raised the issue of bona fide error in their cross-motions for summary judgment filed in 2012, Onwuteaka failed to present any evidence to support his claim of bona fide error until November 27, 2013. Attached to Onwuteaka's Response to Plaintiff's Motion for Summary Judgment are Serna's Responses to Defendants' First Set of Requests for Admissions and Interrogatories, a document bearing the title "Experian Mortgage Services," a cancelled check from Serna's checking account, a March 4, 2010 letter addressed from Onwuteaka to Serna, and an excerpt from the Texas Rules of Civil Procedure. Onwuteaka also attached a statement "under penalty of perjury" affirming that "the attached Exhibits 'A' and 'B' are true and correct copies." Dkt. 59. According to Onwuteaka, these documents suffice to show that (1) Onwuteaka's files listed three possible addresses for Serna, two in San Antonio and one in Laredo, Texas, and (2) Onwuteaka sent Serna a letter at the Saddlebrook Road address in San Antonio to prior to filing the Harris County lawsuit but he did not receive any response

from Serna to that letter.[8] None of this evidence amounts to the necessary "preponderance" that entitles Onwuteaka to claim bona fide error.[9]

To the contrary, the summary judgment record and his statements to the Court show exactly the opposite, *i.e.,* that Onwuteaka admits he filed a debt collection suit against Serna in Harris County without any reason to believe that Serna signed the promissory note in Harris County or that Serna resided in Harris County, and that all of the evidence available to Onwuteaka showed that Serna did not reside in Harris County. Although Onwuteaka attempts to justify his actions by claiming reliance upon the Texas venue rules, these rules are preempted by federal law and Onwuteaka, as an attorney, is charged with knowledge of such laws.

Further, Onwuteaka's alleged justification is nonsensical. Texas Rule of Civil Procedure 502.4(c) applies only where a defendant's residence is "unknown," and the evidence shows that Onwuteaka had at least one valid address on file for Serna because that was the address at which Serna was served with citation. Onwuteaka contends that Serna failed to respond to the letter that Onwuteaka allegedly sent him at the Saddlebrook

---

[8]   Notably, Onwuteaka's statement does not describe when or how he sent the letter to Serna, nor does he swear under penalty of perjury that Serna did not respond to the letter.

[9]   After the December 4, 2013 hearing, Onwuteaka sought leave to further supplement the record with a document entitled "Loan Transaction History" and another statement "made under penalty of perjury." Dkt. 61. The Court denied the motion as untimely. A review of the evidence attached to that Motion further demonstrates that none of that evidence would have sufficed to carry Onwuteaka's burden. In fact, the plain language of the statement Onwuteaka attempts to rely upon shows that he admits to regularly violating the FDCPA. ("Unverified and/or unconfirmed addresses and/or location where contract was signed are grouped together as debtors whose residence and/or location where the contract was signed are unknown and lawsuits filed in plaintiff's county as an unknown address/defendant."). Dkt. 61, pg. 7.

Road address, and that this failure to respond excuses Onwuteaka from complying with the FDCPA.   It does not.   Similarly, Onwuteaka's attempt to cast doubt upon the reliability of Serna's address by pointing out that Serna failed to pay the underlying debt is unavailing.

For the same reasons, Onwuteaka has failed to present any evidence of "the maintenance of procedures reasonably adapted to avoid any such error."   The Supreme Court has described this procedures as "processes that have mechanical or other such 'regularly orderly' steps to avoid mistakes. . . ." *Jerman*, 559 U.S. at 587.   The evidence presented by Onwuteaka shows that he regularly files lawsuits in Harris County, Texas against debtors without certainty as to their residences or their location when signing the underlying debt.   The sole process by which Onwuteaka alleges he investigates the debtors' residences is the "sen[ding]" of letters, by an unspecified means, to debtors and then deciding their addresses are "unknown" if the debtors fail to respond to his letter. Dkt. 59.

Accordingly, the summary judgment evidence does not amount to "a preponderance of the evidence," that Onwuteaka's Harris County lawsuit against Serna was a result of a "bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."   Instead, the evidence shows that there is no genuine issue of material fact and that Serna is entitled to summary judgment in his favor on this affirmative defense.

### 6. Res Judicata

Next, Onwuteaka claims the doctrine of res judicata bars Serna's claim. Dkt. 8 ¶ 15. Res judicata is the principle that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Fifth Circuit has listed the elements that must be established for the doctrine to serve as an affirmative defense: "(1) the parties must be identical in the two suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases." *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992). Onwuteaka has not pled any facts to support any of these elements. Further, as noted previously, the causes of action in the underlying debt collection suit and this suit are not the same. Serna's cause of action under the FDCPA has never been litigated. Accordingly, this defense is not applicable.

### 7. Waiver

Onwuteaka next claims that Serna waived his right to bring this FDCPA suit. Dkt. 8 ¶ 16. Onwuteaka does not specify how Serna allegedly waived his claims, nor does he provide any factual or legal bases for this argument. Assuming, *arguendo*, Onwuteaka is arguing Serna waived his right to bring this FDCPA claim by failing to raise it as a compulsory counterclaim in the Harris County suit, the defense would still lack merit. The Court has determined that Serna's claim was not a compulsory counterclaim in the Harris County suit.

### 8. Offset and Credit

Finally, the Court turns to Onwuteaka's affirmative defense of offset.  Dkt. 8 ¶ 17.
Onwuteaka has failed to provide this Court with any authority to show that he is entitled
to claim such an offset or credit in this case.

Essentially, Onwuteaka requests that the default judgment he received against
Serna in state court be balanced against the statutory award granted to Serna in this case.
Onwuteaka couches his request "an affirmative defense," but a review of the pleadings in
this case convinces the Court that his request is more properly cast as a counterclaim
asking this federal court to adopt and enforce a prior state court judgment.[10]  *See, e.g.,*
FED. R. CIV. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or
a counterclaim as a defense, the court must, if justice requires, treat the pleading as
though it were correctly designated, and may impose terms for doing so.").  However,
Onwuteaka has provided no authority to show that such enforcement and adoption of a
state court judgment would be proper.  *See, e.g., Hillman Lumber Products, Inc. v.
Webster Mfg., Inc.*, 2006 WL 2644968, at *3 (W.D. La. 2006) (noting, "Federal courts
are authorized by 28 U.S.C. § 1963 to register the judgment of certain other federal
courts, but there is nothing in that statute that permits registration of state court
judgments.").

---

[10]   Traditionally, an "affirmative defense" is one that "defeats the plaintiff's cause of action
by denial or confession and avoidance. To determine whether a defendant's answer asserts a
counterclaim or an affirmative defense, courts should analyze the facts alleged and ask whether
the defendant could have maintained the claim as an independent suit."  61A AM. JUR. 2d
Pleading § 276.

## CONCLUSION

Having considered the Motion, responses, briefing and arguments submitted by the parties, the summary judgment record, and the applicable law, the Court hereby **GRANTS** summary judgment for Serna.  The Court, in its discretion, awards Serna $1,000 in statutory damages, as well as reasonable costs and attorneys' fees.

**SIGNED** at Houston, Texas on this 10th day of January, 2014.

_____
**GEORGE C. HANKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**